```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

JOHN W. CARTER                                               PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:05cv118-DCB-JCS

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
AND ALLSTATE CORPORATION                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the plaintiff's Motion to Remand [**docket entry no. 3**] and the plaintiff's Motion for Attorney's Fees [**docket entry no. 6**]. Having reviewed the Motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

**I.  Motion to Remand**

The plaintiff originally filed his complaint in the Circuit Court of Claiborne County, Mississippi, and the defendants removed the action to this Court on July 8, 2005, on the basis of diversity jurisdiction.  The plaintiff moved to remand on July 29, 2005, and has also requested an award of attorney's fees.  While no dispute exists as to whether the parties were diverse, there was initially a dispute as to whether the requisite amount in controversy had been met so as to confer subject matter jurisdiction upon this Court under the auspices of 28 U.S.C. § 1332.

In their removal notice, the defendants asserted that the plaintiff's allegations of damages in the complaint of $74,500 did not legally bind the plaintiff to recovery of that amount or less

and was thereby insufficient to prohibit the plaintiff from recovering more than $75,000.  However, with the Motion to Remand filed in this matter, the plaintiff submitted a binding affidavit stating that he was not seeking and would not accept any recovery (including attorney's fees, litigation expenses, and punitive damages) in excess of $74,500.  See Haley v. Ford Motor Co., --- F. Supp. 2d ----, 2005 WL 2932144, at *4 (S.D. Miss. Oct. 18, 2005) (holding that the submission of a binding post-removal affidavit limiting the plaintiff's recovery below the jurisdictional amount in controversy divests the district court of jurisdiction).

In light of the plaintiff's submission of an affidavit binding his recovery below $75,000, the defendants now agree that this matter should be remanded to the Circuit Court of Claiborne County, Mississippi.  Therefore, the Motion to Remand is well-taken and is granted.  The affidavit submitted by the plaintiff which serves as the basis for the defendants' acquiescence in this order of remand will remain binding and enforceable against the plaintiff in state court.

## II. Attorney's Fees

The plaintiff has also moved the Court for an award of attorney's fees against the defendants for the expenses incurred in seeking remand.  When the defendants first removed this action, however, no affidavit limiting the plaintiff's recovery had yet been filed.  Though the complaint purported to seek only $74,500,

the defendants had an objectively reasonable basis to believe that the amount in controversy in this case exceeded $75,000 inasmuch as the plaintiff's recovery was not limited by the amount sought on the face of the complaint and punitive damages were being sought against three corporate defendants.  Therefore, the Court declines to award attorney's fees to the plaintiff.

**CONCLUSION**

Based on the reasoning and authority set forth above, the Court finds that this action should be remanded to the state court from whence it came, but the plaintiff's request for attorney's fees should be denied.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Remand [**docket entry no. 3**] is **GRANTED** inasmuch as the Court lacks subject matter jurisdiction over this action.  A final order of remand shall be entered remanding this case to the Circuit Court of Claiborne County, Mississippi;

IT IS FURTHER ORDERED that the plaintiff's Motion for Attorney's Fees [**docket entry no. 6**] is **DENIED.**

SO ORDERED, this the 9th day of December, 2005.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE